**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTOPHER IANNACONE,

                      Plaintiff,

           v.                                             8:22-CV-695
                                                                (GLS/DJS)

THE CORPORATION, *c/o Stephen Knight, President*,

                      Defendant.

**APPEARANCES:**

CHRISTOPHER IANNACONE
Plaintiff, *Pro Se*
New York, New York 10128

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      Plaintiff filed this action alleging federal statutory and regulatory violations regarding the overcharging of rent and related matters. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Analysis of the Complaint

The Complaint is exceptionally brief and offers virtually no explanation of the underlying facts. *See* Compl. at p. 2. A court's initial review of a complaint under §

1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).

A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). Given the paucity of factual allegations, the Court recommends that dismissal for failure to satisfy Rule 8 is appropriate.

In addition, the specific causes of action alleged by Plaintiff fail to provide a basis for relief and so the Court also recommends dismissal on that basis.

The Complaint accuses Defendant of overcharging rent in violation of 24 C.F.R. § 5.630. Compl. at ¶ 7. That regulation is one of the regulations implementing the federal

section 8 rental assistance program. *See Taylor v. Nat'l Invs., Ltd.*, 2022 WL 306367, at *1 (D.R.I. Feb. 2, 2022). Individuals do not have a private right of action to challenge regulations implementing the section 8 program. *Davis v. Port Jervis Cmty. Dev.*, 2020 WL 3960984, at *2 (S.D.N.Y. July 10, 2020); *Alston v. Sebelius*, 2014 WL 4374644, at *14-15 (E.D.N.Y. Sept. 2, 2014) (citing cases). This regulatory claim, therefore, should be dismissed.

Similarly, the allegations in paragraph 9 of the Complaint alleging violations of 18 U.S.C. § 1014 and 18 U.S.C. § 1341[2] must be dismissed because neither statute provides a private right of action. *See*, *e.g.*, *Ng v. HSBC Mortg. Corp.*, 2010 WL 889256, at * 9 (E.D.N.Y. Mar. 10, 2010) (section 1014); *Cassidy v. Madoff*, 2018 WL 5792786, at *11 n. 8 (N.D.N.Y. Nov. 5, 2018) (section 1341).

The remaining provision relied upon by Plaintiff is 18 U.S.C. § 1038, "which prohibits criminal hoaxes or terrorist threats." *Jallow v. City of New York*, 2021 WL 51690, at *1 (S.D.N.Y. Jan. 5, 2021); Compl. at ¶ 8. Section 1038 does appear to provide for a civil remedy under limited circumstances. 18 U.S.C. § 1038(b); *but see Jallow v. City of New York*, 2021 WL 51690, at *5 (suggesting no private right of action). Assuming this to be true, however, the Complaint is devoid of any factual allegations that would support a claim under the statute.

---

[2] The Complaint actually references section 1314, but that provision does not appear in the United States Code. Given the nature of Plaintiff's allegation relating to the mailing of letters, the Court presumes that this was a typographical error and Plaintiff intended to allege mail fraud under section 1341.

> [T]he complaint does not demonstrate how the statute - the Stop Terrorist and Military Hoaxes Act - relates to the[] claims. The Act criminalizes engaging in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of numerous predicate criminal acts, including nuclear, biological, or chemical weapons, aircraft piracy, and sabotage of nuclear weapons and explosives.

*Pettus v. Erole*, 2019 WL 5863983, at *3 (E.D.N.Y. Nov. 8, 2019).

For these reasons, the Complaint is clearly subject to dismissal. "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Accordingly, the Court recommends that the Complaint be dismissed[3], but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than

---

[3] In light of this recommendation, the Court also recommends that the pending Motion to Bar Ejectment be denied. *See* Dkt. No. 3.

one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 29, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).